UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSE M. BALBICK,

                              Plaintiff,

v.                                               Civil Action No. _____

FINANCIAL RECOVERY CENTER, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Rose M. Balbick is a natural person residing in the County of Wyoming and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Financial Recovery Center, Inc., (hereinafter "FRC") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

1

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Rose M. Balbick incurred a debt to a physician for medical services. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant FRC was employed by said physician to collect the subject debt.

13. That on or about June 30, 2008, Defendant called Plaintiff's Husband on his cellular telephone in an attempt to collect on the subject debt. Plaintiff's husband gave Defendant Plaintiff's cellular telephone. Plaintiff and her husband were in the midst of a marital separation at the time of the call.

14. That Defendant thereafter called Plaintiff on her cellular telephone and stated they were collecting on a $39.00 debt owed to her physician. Defendant stated if the subject debt was not paid that day it would go on Plaintiff's credit report the following day. Defendant asked for Plaintiff's debit or credit card information. Plaintiff stated that she did not have any debit or credit cards and did not have a checking account. Plaintiff informed Defendant she was currently disabled and not making any income. Upon hearing this Defendant stated, "That's not what your husband said." Defendant claimed Plaintiff's husband told Defendant that Plaintiff stole $8,000.00 from her husband's checking account, was cheating on him and had a boyfriend. Plaintiff was shocked at Defendants statements. Defendant again stated the debt was going to be put on Plaintiff's credit report if not paid that day and terminated the call.

15. That none of the allegations made by Defendant described above were true.

16. That on or about June 20, 2008, subsequent to the aforementioned telephone conversation, Plaintiff called Defendant and spoke to a supervisor. The supervisor stated the subject debt was in fact $32.00. He also stated he would give Plaintiff an extra day to pay the subject debt before it went on her credit report.

17. That despite Defendant's representations the subject debt has not been placed on Plaintiff's credit report.

18. That as a result of Defendant's acts Plaintiff Rose M. Balbick became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), and 15 U.S.C. §1692f by using language the natural consequence of which was to abuse Plaintiff when stating Plaintiff's husband told Defendant that Plaintiff stole $8,000.00 from her husband's checking account, Plaintiff was cheating on him, Plaintiff had a boyfriend and stating the subject debt would be put on Plaintiff's credit report the following day if payment was not made.

    B. Defendant violated 15 U.S.C.§1692e, 15 U.S.C.§1692e(5), and 15 U.S.C.§1692e(10) by falsely representing that they would report the subject debt as delinquent to credit reporting agencies if Plaintiff did not pay said debt that day.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Rose M. Balbick became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Rose M. Balbick demands trial by jury in this action.

Dated: December 4, 2008

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288

                                                      Email: khiller@kennethhiller.com
                                                           ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff Rose M. Balbick affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated:  December 4, 2008                                  /s/Rose M. Balbick__
                                                          Rose M. Balbick